IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01111-BNB

JAVIER PADILLA,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp–Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -6 2009

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant Javier Padilla is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Padilla initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on June 2, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On June 22, 2009, Respondent filed a Preliminary Response to Petition for Writ of Habeas Corpus. Mr. Padilla has failed to file a Reply within the time allowed.

The Court must construe the documents filed by Mr. Padilla liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Padilla first claims that prison officials at the Florence Prison Camp categorically are denying the review and transfer of eligible inmates to a Community Corrections Center (CCC) in violation of 18 U.S.C. § 3621(b). According to Mr. Padilla, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. Mr. Padilla alleges that he has sought and been denied consideration for a transfer to a CCC.

Mr. Padilla also claims that prison officials at the Florence Prison Camp categorically are denying eligible pre-release inmates more than six months in a Residential Re-entry Center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. Padilla describes a "pre-release inmate" as an inmate with twelve months or less of his sentence remaining to be served. Mr. Padilla contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Padilla. See 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28

C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13–542.15.

According to Respondent, Mr. Padilla has filed ten administrative remedy requests/appeals during his incarceration, but none of the ten remedy requests pertain to the claims raised in the instant action. (Prelim. Resp. at 4.) Mr. Padilla also concedes that he has not exhausted his administrative remedies. (Application at 2.)

Mr. Padilla argues, however, that exhaustion of administrative remedies would be futile because the BOP, through official policies and procedures, has predetermined the issues to be raised in the administrative proceedings. Mr. Padilla is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Padilla fails to convince the Court that exhaustion of administrative remedies would be futile based on his argument that the BOP has predetermined the issues he is raising.

Mr. Padilla apparently argues that exhaustion would be futile because the BOP is following regulations that previously were invalidated by a decision of the United States Court of Appeals for the Tenth Circuit. *See Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007). Respondent points out in his response that the BOP adopted new regulations following *Wedelstedt*. (Prelim. Resp. at 6.) Therefore, to the extent the

futility argument is premised on the Tenth Circuit's decision in *Wedelstedt*, the argument lacks merit because the BOP has adopted new regulations.

In support of his futility argument, Mr. Padilla also refers to two BOP memoranda that Respondent has attached to the Preliminary Response as exhibit A-2. Both memoranda are addressed to chief executive officers and are signed by two BOP officials, the assistant director of the Correctional Programs Division and the assistant director/general counsel. Mr. Padilla apparently believes that both memoranda support his contention that the BOP has predetermined the issues he is raising.

The first memorandum, dated November 14, 2008, relates to inmate requests for transfers to CCCs, which, according to a footnote in the November 14 memorandum, are synonymous with RRCs. (Prelim. Resp., Ex. A-2 at 4.) The November 14 "memorandum provides guidance to [BOP] staff for considering and responding to inmate requests for transfer to [ ] RRCs, when more than 12-months remain from their projected release date" and states that "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence." (Preliminary Resp., Ex. A-2 at 2.) The November 14 memorandum further states that "inmate requests for RRC placements must receive individualized consideration." (Ex. A-2 at 2-3.)

The second memorandum in Respondent's exhibit A-2, dated April 14, 2008, relates to pre-release RRC placements following the Second Chance Act of 2007. The April 14 memorandum recognizes that the maximum pre-release RRC placement is twelve months. While the April 14 memorandum also states that "Bureau experience reflects inmates' prerelease RRC needs can usually be accommodated by a placement

of six months or less" (Ex. A-2. at 8), nothing in the April 14 memorandum restricts pre-release RRC placements to a maximum of six months.

Contrary to Mr. Padilla's belief, these two memoranda do not preclude the relief he seeks from the BOP. In fact, these two memoranda support Mr. Padilla's arguments that inmates are eligible to be transferred to an RRC at any time and that the maximum length of a pre-release placement in an RRC is twelve months. Mr. Padilla does not identify any official BOP policies that contradict these two memoranda. Mr. Padilla's reliance on the memoranda for his futility argument, therefore, lacks merit.

Even if prison officials at the Florence Prison Camp, where he is incarcerated, categorically are denying RRC placements for inmates with more than twelve months remaining on their sentences and RRC placements for no longer than six months, Mr. Padilla's argument does not support a conclusion that exhaustion of administrative remedies would be futile. Mr. Padilla is able to appeal any institution decision to both the regional and to the national BOP offices.

The Court notes Mr. Padilla argues that exhaustion is futile because he will not be able to be placed at an RRC for a full twelve months under pre-release conditions. In accordance with the memorandum issued on April 14, 2008, (Ex. A-2 at 6), Mr. Padilla was able to apply for pre-release RRC placement seventeen to nineteen months prior to his projected release, which would have been at the earliest nine months ago. Mr. Padilla does not argue that he sought RRC placement nine months ago. He also does not assert that he requested RRC placement as soon as he was able to do so, but the BOP staff refused to determine his eligibility for RRC placement and now as a result he has been deprived of the ability to be placed for the full twelve months at an RRC.

Rather Mr. Padilla simply asserts that he has not exhausted his remedies, and now he is within twelve months of his release date. Mr. Padilla may not exhaust "administrative remedies by, in essence, failing to employ them." See *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Mr. Padilla also argues that exhaustion is futile because he will not serve any of his sentence at an RRC prior to the pre-release time frame of twelve months. The Court finds that Mr. Padilla did not submit the action to the Court until May 6, 2009, and did not pay the $5.00 filing fee until June 11, 2009. At the time the action was properly before this Court for review, June 11, 2009, Mr. Padilla had less than twelve months until his projected release date of May 27, 2010. Any futility claim based on his status as a inmate subject to placement at an RRC prior to the prerelease time frame is moot.

For the above-stated reasons, the Court finds that Mr. Padilla fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies

DATED at Denver, Colorado, this 5 day of Aug, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01111-BNB

Javier Padilla
Reg. No. 08521-030
Federal Prison Camp
PO Box 5000
Florence, CO 81226

Juan G. Villaseñor
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/6/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk